## No. 9955.

### LANDIS *v.* HEWITT.

Decided December 6, 1920.

Action in forcible detainer.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Pleading*—*Evidence.*   Where there is insufficient testimony to sustain the defenses pleaded, and the evidence supports the judgment, it will be affirmed.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. PHILIP HORNBEIN, for plaintiff in error.

Messrs. PERSHING, NYE, FRY & TALLMADGE, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendant in error was plaintiff below in an action in forcible detainer.   The complaint alleged ownership of the property in question, a lease to the plaintiff in error for a term which expired in 1919, but which was found by judgment of the court in a proceeding tried in 1919 to have been extended to September 1, 1920.

Plaintiff alleged also the service of various notices upon the defendant to vacate the premises on said September 1st,

a written demand upon him on September 2, 1920, and his refusal to vacate.

The answer in one defense alleged defendant was in possession of the premises under a tenancy from year to year, and a separate defense alleged that he was in possession of the premises under an agreement with the plaintiff that the defendant might remain in possession pending certain negotiations for the sale of his stock; that he obtained a purchaser, but that the plaintiff's demand for rent was so exorbitant that the purchaser declined to purchase, and the negotiations were terminated.

Upon the trial the defendant made certain offers of testimony which, on objection, were rejected.

There appears to have been no attempt to sustain the defense of a tenancy from year to year, and the testimony offered in support of the other defense is wholly insufficient to show an agreement for an extension of the lease.

It is undisputed that notices were served upon defendant by the plaintiff monthly for several months prior to the expiration of the lease, stating that possession would be demanded on September 1st, and that the demand was made.

The verdict in favor of the plaintiff is fully supported by the evidence and as there was no error in excluding the offered testimony, the judgment is affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE BURKE concur.